WILLIAM W. RUSSELL & another, trustees, *vs.* ZONING BOARD OF APPEALS OF BROOKLINE & another.

Norfolk. June 23, 1965. — July 8, 1965.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, CUTTER, & REARDON, JJ.

*Zoning,* Variance, Special permit, Housing Authority. *Municipal Corporations,* By-laws and ordinances. *Housing.*

The fact that elderly persons of low income who would live in a proposed apartment house to be restricted to such persons and to be located on a parcel of land owned by the housing authority of a town would have fewer automobiles and need fewer parking spaces than the number required by the town's zoning by-law with a view to the needs of dwellers in unrestricted apartment houses did not show that enforcement of such requirement of the zoning by-law would involve substantial hardship "owing to conditions especially affecting such parcel or . . . [an existing] building" thereon within G. L. c. 40A, § 15 (3), and did not support the granting of a variance authorizing the fewer parking spaces on the parcel. [535]

A project of the housing authority of a town is subject both to the Zoning Enabling Act, G. L. c. 40A, and to the zoning by-law adopted by the town pursuant thereto. [536]

Under G. L. c. 121, § 26EE, the "appropriate" body of a town to modify or establish exceptions to its zoning by-law in order to aid in the planning, construction or operation of a housing authority project is the town meeting.  [535, 536]

A decision by the zoning board of appeals of a town granting a special permit for a setback relaxation of a type contemplated by a provision of the zoning by-law for special permits must be annulled as in excess of the board's authority where the granted permit was based on the situation which would result from a variance invalidly granted by the board.  [537]

BILL IN EQUITY filed in the Superior Court on September 14, 1964.

The suit was heard by *Chmielinski,* J.

The case was submitted on briefs.

*Daniel G. Rollins & Philip A. Rollins* for William W. Russell & another, trustees.

*Lewis H. Weinstein & Loyd, M. Starrett* for the Brookline Housing Authority; and *Phillip Cowin,* Town Counsel, *& Jerome Daniel Goodman* for the Zoning Board of Appeals of Brookline.

WILKINS, C.J.  This suit in equity by way of appeal under G. L. c. 40A, § 21, as amended, is by neighboring landowners[1] from a decision by the defendant zoning board of appeals of the town of Brookline.  The decision granted a special permit and a variance for a parcel of land on Pleasant Street owned by the defendant Brookline Housing Authority.  The building commissioner of the town had denied the Authority's application for a permit to construct a nine story apartment house which was to contain 100 units of low rent housing for elderly persons of low income.  The Authority appealed to the defendant zoning board of appeals.

The average setback in the rear of the proposed building required by the zoning by-law is twenty-one feet.  The Authority sought, and the zoning board of appeals granted, a special permit for an average setback of fourteen and three-quarters feet, and a minimum at the narrowest point of twelve and one-half feet.

---

[1] They are William W. Russell and Edgar P. Palmer, trustees of Watson Realty Trust, who were allowed to intervene.  They are now the only appellants from the decree of the Superior Court.

The number of parking spaces required by the zoning by-law is ninety. The Authority sought to be allowed to have parking spaces for fifteen cars. The zoning board of appeals granted this variance with an increase to thirty under certain conditions. In so doing the zoning board of appeals said: "We further find that off-street parking for 15 cars will meet the probable needs of the project for some time to come, because all tenants must be in the low income bracket, and must be over 65 years of age. Under these circumstances to require Section 6.11 to be enforced would create a substantial and unreasonable hardship, not applicable to other property in the district because this building is to be used exclusively by persons over 65, having very limited incomes. There will be no substantial derogation from the intent of the by-law because the intent is to provide for probable parking needs of average apartment dwellers, not for the elderly. We do not think there will be any detriment to the public good because according to experience the parking usually required would exceed the needs of a low income project."

In his findings the judge stated, "The conditional variance was appropriate because owing to conditions especially affecting the Brookline Housing Authority's parcel and proposed building but not affecting generally the zoning district in which it is located, a literal enforcement of the provisions of the said zoning by-law would involve substantial hardship, financial or otherwise to Brookline Housing Authority and desirable relief was granted without substantial detriment to the public good and without nullifying or substantially derogating from the intent or purpose of the said zoning by-law, and in granting said variance the zoning board of appeals did not exceed its authority."

In the final decree it is stated that the zoning board of appeals did not exceed its authority in granting the variance and special permit, and that no modification of its decision was required. The only appellants are the trustees of the Watson Realty Trust, who were originally interveners.

1.    There was error in the ruling of substantial hardship. The finding of the zoning board of appeals was based upon the number of cars which would be owned by aged tenants of low income.    This is not a finding especially affecting the parcel or an existing building, as required by G. L. c. 40A, § 15 (3).[1]    This was personal to the applicant, as in *Barnhart* v. *Board of Appeals of Scituate,* 343 Mass. 455, 458.    *Blackman* v. *Board of Appeals of Barnstable,* 334 Mass. 446, 450.    *Planning Bd. of Springfield* v. *Board of Appeals of Springfield,* 338 Mass. 160, 165–166.    *Ferrante* v. *Board of Appeals of Northampton,* 345 Mass. 158, 161. *Sullivan* v. *Board of Appeals of Belmont,* 346 Mass. 81, 84–85.

2.    The judge also ruled ''The special permit and conditional variance were granted to a public body in connection with a public welfare project, and, more particularly, were granted by an 'appropriate board' of the Town of Brookline to 'housing authority' in connection with a 'project', all within the meaning of section 26EE of chapter 121 of the General Laws.''

This, too, was error.    The material part of the Housing Authority Law, G. L. c. 121, § 26EE (inserted by St. 1946, c. 574, § 1), provides in part: ''to aid and coöperate in the planning, construction or operation of a project of . . . [a housing] authority, *a . . . town,* or *the appropriate board* or officer *thereof on behalf of such . . . town,* may . . . (d) *Adopt . . . by-laws* under sections twenty five to thirty A, inclusive of chapter forty or repeal or *modify* such . . . *by-laws; establish exceptions to* existing . . . *by-laws* regulating the design, construction and use of buildings . . .'' (italics supplied).

---

[1] ''A board of appeals shall have the following powers: . . . 3. To authorize upon appeal . . . with respect to a particular parcel of land or to an existing building thereon a variance from the terms of the applicable zoning . . . by-law where, owing to conditions especially affecting such parcel or such building, but not affecting generally the zoning district in which it is located, a literal enforcement of the provisions of the . . . by-law would involve substantial hardship, financial or otherwise to the appellant, and where desirable relief may be granted without substantial detriment to the public good and without nullifying or substantially derogating from the intent or purpose of such . . . by-law, but not otherwise.''

No Act of Congress nor of the General Court has granted the Authority exemption from local regulations. This leaves the Authority subject both to the Zoning Enabling Act, G. L. c. 40A, and to the town zoning by-law passed pursuant thereto, in addition to the Housing Authority Law, G. L. c. 121. General Laws c. 121, § 26S, provides: "... *every project of a housing authority shall be subject to* all laws and all ... *by-laws* and regulations *of the ... town* in which it lies, *relating to ... zoning ...*" (italics supplied).

We are of opinion that in this Commonwealth the appropriate town body to adopt, repeal, or modify by-laws is the town meeting. These functions are legislative in character and historically are appropriately those of the town meeting. If the defendant zoning board of appeals is to have power to allow fewer parking spaces than the zoning by-law requires, that power should be conferred by vote of the town meeting. No convincing authority to the contrary has been cited to us. Nothing in the coöperation agreement of May 14, 1962, between the Authority and the town, which was represented by the board of selectmen, could have this effect. Nor do we observe anything in that agreement which even purports to have such an effect. The appellees rely upon paragraph 5 (c), which is printed in the margin.[1] To our mind, this paragraph is a recognition that the Authority is subject to regulation by the town to the extent of lawful action.

. 3. The problem of an excessive number of parking spaces for this type of project with which the board sought to deal by the variance can be eliminated by vote of the town meeting amending the by-law to authorize the zoning board of appeals to "establish exceptions to existing ... by-laws regulating the design, construction and use of buildings," as stated in § 26EE. The relaxation of the setback

---

[1] "5. ... [T]he Municipality ... shall: ... (c) In so far as the Municipality may lawfully do so ... (ii) make such changes in any zoning of the site and surrounding territory of such Project as are reasonable and necessary for the development and protection of such Project and the surrounding territory ...."

requirement made in the special permit granting an exception is of a type contemplated by § 5.43[1] of the town by-laws. See G. L. c. 40A, § 4 (inserted by St. 1954, c. 368, § 2). The relaxation of the setback requirement here was based upon the existence of open areas in other parts of the parcel which were due in turn to the variance reducing the number of parking spaces. Therefore, the validity of the special permit may depend upon an amendment of the by-law to allow fewer parking spaces for this type of project.

4. The final decree is reversed. A new final decree is to be entered adjudging that the decision of the zoning board of appeals exceeded its authority and is annulled, and directing the clerk within thirty days to send an attested copy of the decree to the board.

*So ordered.*

---

[1] "Under a special permit after a hearing the Board of Appeals may permit, in lieu of the requirements for yards or setbacks specified in this By-law, the substitution of such other dimensional requirements as shall assure the same standard of amenity to nearby properties as would have been provided by compliance with the regulations of the By-law."