TRUSTEES OF TUFTS COLLEGE *vs.* CITY OF MEDFORD.

No. 91-P-66.

Suffolk. April 17, 1992. - November 18, 1992.

Present: ARMSTRONG, SMITH, & IRELAND, JJ.

*Zoning*, Educational use, Validity, Parking, Variance.

In an action in the Land Court brought by a college under G. L. c. 240, § 14A, for a determination that, under the "Dover Amendment," G. L. c. 40A, § 3, second par., certain municipal zoning provisions could not validly be applied to the college's proposed construction of several buildings on its campus, the form of the judgment was amended to accommodate a concession after trial by the municipality, which brought the college's proposed construction effectively into compliance with the zoning ordinance in issue regulating off-street vehicular parking. [582-583, 583-585]

On appeal from a judgment of the Land Court, this court concluded that, on the record presented, a determination of the proper setback required for a proposed parking garage, to be constructed by a college on sharply sloping land, would be more properly addressed by the municipal variance procedure rather than through an application of the "Dover Amendment," G. L. c. 40A, § 3, second par., that would invalidate certain municipal zoning ordinances. [585-586]

Language in a judgment that purported to apply generally to future events not the subject matter before the trial court was to be deleted from the judgment. [583, 586, 587]

Where compliance with a zoning ordinance required a college merely to paint lines on a section of blacktop, denoting off-street loading spaces, no reason appeared for the invalidation of the ordinance pursuant to G. L. c. 40A, § 3, second par. (the "Dover Amendment"). [586-587]

CIVIL ACTION commenced in the Land Court Department on September 13, 1988.

The case was heard by *Robert V. Cauchon*, J.

*Eric W. Wodlinger* (*Michael Halley* & *Robert J. Blumsack*, City Solicitor, with him) for the defendant.

*Daniel J. Gleason* (*Donald R. Peck* with him) for the plaintiff.

ARMSTRONG, J. Tufts College, planning construction of several buildings and additions to buildings on its undergraduate campus in Medford[1] but unable to reach agreement with the city concerning the application of certain provisions of the Medford zoning ordinance to the proposed construction, brought this action in the Land Court under G. L. c. 240, § 14A, for a determination that the zoning provisions could not validly be applied to the proposed construction. The city appeals from a decision so holding.

The basis of Tufts' position is G. L. c. 40A, § 3, second par., the so-called "Dover Amendment" (see *Attorney Gen.* v. *Dover*, 327 Mass. 601, 602-604 [1951]), which invalidates zoning ordinances that prohibit or restrict the use of land or structures for educational purposes on land owned or leased by a nonprofit educational corporation but permits the application of "reasonable regulations concerning the bulk and height of structures and determining yard sizes, lot area, setbacks, open space, parking, and building coverage requirements."[2] The Dover Amendment invalidates two types of zoning provisions: first, those that facially discriminate against the use of land for educational purposes, whether by way of prohibition, as in *Attorney Gen.* v. *Dover*, *supra*, or by way of site plan requirements, as in *The Bible Speaks* v. *Board of Appeals of Lenox*, 8 Mass. App. Ct. 19, 34 (1979), and *Newbury Junior College* v. *Brookline*, 15 Mass. App. Ct. 1109 (1983),[3] or special permit requirements, as in

---

[1] The campus lies partly in the adjoining city of Somerville, which was originally a party to this action but which reached agreement with Tufts concerning proposed construction within the Somerville part of the campus.

[2] The express authorization for reasonable dimensional regulation first appeared in the Zoning Enabling Act recodification, St. 1975, c. 808, § 3, and was intended to incorporate in the statute itself the holdings of such cases as *Sisters of the Holy Cross* v. *Brookline*, 347 Mass. 486, 492-494 (1964), and *Radcliffe College* v. *Cambridge*, 350 Mass. 613, 618 (1966). See *The Bible Speaks* v. *Board of Appeals of Lenox*, 8 Mass. App. Ct. 19, 29 (1979); *Newbury Junior College* v. *Brookline*, 19 Mass. App. Ct. 197, 198-199 (1985).

[3] The 1983 *Newbury Junior College* case was decided under Appeals Court rule 1:28 but the unpublished memorandum is described in *Newbury Junior College* v. *Brookline*, 19 Mass. App. Ct. 197, 199 (1985).

*Gardner-Athol Area Mental Health Assn.* v. *Zoning Bd. of Appeals of Gardner*, 401 Mass. 12, 13 (1987), *The Bible Speaks, supra* at 22-25, and *Commr. of Code Inspection of Worcester* v. *Worcester Dynamy, Inc.*, 11 Mass. App. Ct. 97, 100 (1980); and, second, those that, although cast in the form of nondiscriminatory dimensional or parking space requirements, have the practical effect of nullifying the use exemption permitted to an educational institution. The leading decisions establishing and applying this aspect of the Dover Amendment are *Sisters of the Holy Cross* v. *Brookline*, 347 Mass. 486 (1964), *Radcliffe College* v. *Cambridge*, 350 Mass. 613 (1966), and *The Bible Speaks, supra.* The provisions of the Medford zoning ordinance that Tufts seeks to have declared inapplicable to its proposed construction are all of the latter type.

Several arguments originally made were the subject of agreement in the Land Court or have been conceded or not argued on appeal. We confine our consideration to the points still pressed. See Mass.R.A.P. 16(a)(4), as amended, 367 Mass. 921 (1975).

*Parking space requirements.* Section 10.21 of the zoning ordinance requires that provision be made for off-street parking in connection with construction projects, whether new buildings or additions to existing buildings, at the rate of one parking space for each 750 square feet of added floor space, such spaces to be provided on the same lot or within 200 feet of the new construction. Tufts proposes three construction projects to which the off-street parking provision, if valid, would apply: an addition to the Wessell Library (Tufts' central library facility), a new building known as the Olin Language Center (Olin), and an addition to the Cousens Gymnasium - Hamilton Pool facility (Cousens). The judge ruled the off-street parking provision of the zoning ordinance valid as applied to Cousens but invalid as applied to Wessell, Olin, and "those proposed buildings or additions located in the core of Tufts' campus," the parking-space needs of which

buildings, he ruled, would be adequately met by Tufts' construction of its proposed new Boston Avenue garage.[4]

We need not address the parking ordinance as it applies to Olin because the parties have agreed upon parking spaces for that structure.[5] Furthermore, because the reasonableness of an application of a zoning ordinance is essentially a fact-based determination, one that cannot properly be made for possible future construction projects not detailed in the evidence, the judgment should be limited to the proposed construction presently before the court. *Radcliffe College* v. *Cambridge*, 350 Mass. at 619. The language invalidating the ordinance as it applies to future construction in the "core" campus should be deleted from the judgment.

The city now accepts the Boston Avenue garage as a sufficient compliance with the off-street parking ordinance as it applies to Wessell (see note 4, *supra*), but it argues that, by invalidating the ordinance, the judge has left the city powerless to compel Tufts to construct the planned garage as a condition to building the addition at Wessell. This argument has merit, but a minor modification of the judgment will effect the necessary repair.

---

[4]Tufts did not file a cross-appeal, and the judgment as it relates to Cousens is not an issue on appeal. The judge's distinction between Cousens, on the one hand, and Wessell and Olin on the other, was based on their being in different sectors of the campus. An independent study commissioned by Tufts found that there were, based on then-present usage, shortages of parking spaces in certain sectors and surpluses in others. The greatest deficiency was within the Hill, or core, area of the campus, which includes Olin and Wessell. The city, recognizing the incongruity between the proximity requirement (that additional parking spaces required for new construction be located on the same lot or within two hundred feet), which is geared to lot-by-lot development, and the Tufts campus, which is typical of New England colleges, constructed around large grass areas with pedestrian walkways, has now agreed that the Hill area of campus, including Wessell, may be treated, despite the many buildings thereon, as a single lot for parking ordinance purposes. The practical importance of this concession in the present context is that it allows the Boston Avenue garage to be treated as located on the same lot as Olin and Wessell, thus satisfying the requirement of the ordinance.

[5]Prior to trial, the city's board of appeals granted Tufts a variance from the ordinance requirements for parking and loading at Olin.

The judge's findings make clear that he declared the parking ordinance invalid as applied to Wessell and Olin based on considerations that were then in contention but are the subject of concession here. Reasoning from a one-building-per-lot premise, he envisioned the parking ordinance as requiring the paving over of the grassy areas between buildings to achieve the required proximity of new parking to new construction. He concluded, not implausibly, that enforcement of such a requirement would be both detrimental to the campus and unnecessary, as the same students and faculty would typically be using several buildings each day (dormitory rooms, classrooms, dining halls, laboratories, library, athletic facilities), traversing the short distances between them on foot. The proximity requirement was the crux of his finding of unreasonableness, particularly in light of the availability of ample new parking on the Hill area of campus in the form of the Boston Avenue garage.

We see no difficulty in accepting the city's concession that the Hill area may be treated as a single lot for this purpose (see note 4, *supra*), thereby avoiding the proximity problem. This concession is in accordance with the spirit of the Dover Amendment, which encourages a degree of accommodation between the protected uses, see *Sisters of the Holy Cross* v. *Brookline*, 347 Mass. at 492-494, and matters of critical municipal concern, such as, increasingly, the provision of off-street parking in congested areas, *Radcliffe College* v. *Cambridge*, 350 Mass. at 617. In light of this concession, it does no violence to the judge's findings or conclusions to recast the form of the judgment, so as to declare that the requirements of the off-street parking ordinance are not invalid as applied to Wessell and that these requirements can be met by construction of the requisite number of spaces in the proposed Boston Avenue garage.[6] Such a declaration will leave the

---

[6] As proposed, the Boston Avenue garage will be either a three-level structure, with 290 parking spaces, or a six-level structure, with 530 parking spaces. Even the three-level structure would be more than sufficient to meet the requirements of the ordinance as it applies to Wessell (130 spaces).

city in a position to condition building permits on the actual provision of the new parking places, and it will leave Tufts, if it should for any reason reconsider constructing the Boston Avenue garage, in a position to propose an alternative method of complying with the city's reasonable off-street parking requirements.

*Setback of the Boston Avenue garage.* The proposed garage, to be located on Boston Avenue at the base of the Hill, is subject to a requirement that it be set back fifty feet from the street. The plans prepared by Tufts call for a thirty-foot setback, causing the building inspector to deny a building permit. General Laws c. 40A, § 3, as amended in 1975, specifically authorizes the imposition of reasonable setback requirements. To succeed in proving its case for invalidation, Tufts must show that the setback requirement impinges unreasonably on Tufts' use of its property for educational purposes.

The evidence was to the effect that there is no absolute physical impediment to constructing a garage of the planned dimensions with a setback of fifty feet, but the cost will be increased because of the sharply rising slope of the land behind the garage and because of the need that will be created to support the foundation of another building, a power plant, situated on the same hillside. No estimate of the expected cost increase was put in evidence, however, leaving the judge with no firm basis for weighing the magnitude of the burden that compliance will exact of Tufts. Against this unquantified burden, the necessity for a setback is plain. Although other buildings on Boston Avenue have smaller setbacks, the street is narrow, having only one traffic lane in each direction, and is a major thoroughfare during morning and evening rush hours. In these circumstances a setback is reasonably necessary from the point of view of the city, to avoid backups on Boston Avenue of traffic in line to enter the garage. The declaration of invalidity would have the effect of allowing Tufts to build on the streetline should it so choose.

In one case it was suggested that a variance, rather than a declaration of invalidity, could be an appropriate vehicle for

adjusting dimensional requirements to achieve a balance between the uses protected by the Dover Amendment and the municipal interests that find expression in zoning ordinances. See *Sisters of the Holy Cross* v. *Brookline,* 347 Mass. at 498-499. Such a suggestion was repudiated in *Radcliffe College* v. *Cambridge,* 350 Mass. at 618-619, presumably because of the highly restrictive conditions that the enabling act places on the granting of variances. See *Russell* v. *Zoning Bd. of Appeals of Brookline,* 349 Mass. 532, 535 (1965) (cited by the court in the *Radcliffe College* decision). The problem of construction at the garage site, however, arises from a condition specially affecting the parcel, contrast *Russell,* or, in the language of G. L. c. 40A, § 10, as amended by St. 1975, c. 808, § 3, is a problem arising from "circumstances relating to the . . . topography of such land . . . but not affecting generally the zoning district in which [the land] is located. . . ." Whether or not the Dover Amendment should be read as ameliorating the strictures against the granting of variances, this particular problem is susceptible of being resolved more sensitively through the variance procedure. Although Tufts, by failing to prove the additional cost of full compliance with the setback requirement, has failed in that respect (if not in others) to prove a case for invalidation of the ordinance, it is not without recourse as it may raise the issue again in an application for a variance.

*Off-street loading spaces.* The judge declared § 10.41 of the zoning ordinance, requiring off-street loading spaces for each 50,000 square feet of additionally constructed floor area, invalid as applied to Olin, Wessell, and "such other proposed buildings or additions which may be similarly situated." The general language quoted should be deleted from the judgment for the reason set forth earlier, in relation to the parking ordinance as applied to the "core of Tufts' campus." The parties have agreed on loading spaces for Olin. As applied to Wessell, the ordinance requires only the painting of lines on a section of blacktop presently used as a loading zone for Wessell. In light of the ease with which compliance is achieved, we think Tufts has not made out a case for inval-

idation of the loading-space requirement of § 10.41. That portion of the judgment should be struck.

*Other issues.* 1. Section 6.24(a) of the ordinance requires a certain minimum distance between structures. The judgment invalidated this provision as it applied to Wessell, Olin, the Boston Avenue garage, and "any other future structures or additions which may be similarly situated." The city appeals from this portion of the judgment only as it applies to "similarly situated" structures. This general language should be deleted for the reasons set forth above. 2. The judgment also invalidated a provision of the ordinance requiring site plan review. The city does not challenge this ruling insofar as it is limited to the current form of the ordinance, and we do not read anything to the contrary in the ruling. 3. By a postjudgment order, the judge, at the city's request for clarification, supplied a definition of the term, "core campus," as used in the judgment. The parties' contentions regarding the definition need not be considered, as the term will not appear in the judgment as amended and thus will not require definition.

The judgment is amended, in numbered paragraph 2, by striking the words, "and any other future structures or additions which may be similarly situated," and by striking numbered paragraphs 3, 4, and 5. The judgment is also amended to declare that the requirements of the off-street parking ordinance (§ 10.21) are not invalid and that as applied to Wessell these requirements can be met by construction of the requisite number of spaces in the proposed Boston Avenue garage. As so amended, the judgment is affirmed. The order defining the phrase "core campus" is vacated.

*So ordered.*